UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| COREY ALAN BENNETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.: 3:15-CV-198-TAV-CCS |
| ) | |
| HERBERT SLATERY, Attorney General ) | |
| for the State of Tennessee, Respondent, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This pro se state prisoner's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 was ordered to be transferred to this Court by the Middle District of Tennessee [Docs. 1, 2]. Petitioner is challenging the legality of his confinement pursuant to his October 12, 2012, state court conviction for attempted especially aggravated sexual exploitation of a minor. For this offense, Petitioner received a ten-year sentence of imprisonment. The judgment was entered in the Criminal Court for Knox County, Tennessee. The petition alleges no claims for relief. For reasons explained below, Respondent will not be required to file an answer, and this petition will be **DISMISSED**.

This pleading is almost a carbon copy of a petition for a writ of habeas corpus under 28 U.S.C. § 2254 that was filed in the Western District of Tennessee on December 30, 2014, under the prison "mailbox" rule in *Houston v. Lack*, 478 U.S. 266, 276 (1988), and then transferred to this Court. That petition remains pending before the Honorable Thomas W. Phillips. *See Bennett v. Slatery,* No. 3:16-CV-656-TWP-HBG (E.D. Tenn., filed Nov. 14,

2016).[1]  However, the petition in 3:16-CV-656, unlike the present petition, contains one ground for relief.  Faced with a duplicative suit, such as this one, a federal court may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit.  *See Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).

With respect to duplicative suits, the Sixth Circuit has stated that "[s]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (citations omitted) (second alteration in original).

Accordingly, because the petition at issue here contains no grounds for relief, this Court will exercise its discretion and will **DISMISS** this § 2254 petition **without prejudice**. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (explaining that federal courts have "due flexibility to prevent vexatious litigation," with respect to duplicative mixed petitions); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (noting a federal court's "'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases");

---

[1] Though the petition in *Bennett v. Slatery*, No. 3:16-CV-656, was filed in this district on the date it was transferred here, i.e., November 14, 2016, the petition was mailed originally to the Western District in an envelope bearing a prison mailroom postmark of December 30, 2014 [*See* 3:16-CV-656, Doc. 1-1].  Oddly enough, the instant petition also was filed on December 30, 2014, under the mailbox rule [Doc. 1-1].  The filing date of a petition can become a crucial issue where a respondent asserts a defense under § 2244(d)'s one-year statute of limitations for filing a § 2254 petition.

2

*Christian v. Trombley*, No. 2:07-10900, 2007 WL 1266167, at *1 (E.D. Mich. Apr. 30, 2007) (dismissing a duplicate habeas corpus petition without prejudice).

A certificate of appealability will not issue because Petitioner has not demonstrated "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

Finally, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith, 28 U.S.C. § 1915(a)(3), and leave to appeal *in forma pauperis* will be **DENIED**. If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and a supporting affidavit in the Sixth Circuit Court of Appeals, within 30 days of the date of filing of the notice. *See* Fed. R. App. P. 24(a)(5).

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE